IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jurnee Scott Leyman, Individually and as Administratrix of the Estate of Noah M. Leyman, Deceased, | : : : : | Case No. 1:23-cv-828 |
| Plaintiffs, | : : | Judge Susan J. Dlott |
| v. | : : : | Order Transferring Case to Northern District of Texas |
| Amazon Logistics, Inc., *et al.*, | : : | |
| Defendants. | : | |

This matter is before the Court on the Motion to Dismiss Complaint for Lack of Personal Jurisdiction and/or *Forum Non Conveniens* filed by Defendants Amazon Logistics, Inc., Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Sales, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc. (collectively "Amazon" or "the Amazon Defendants"). (Doc. 31.) Plaintiff Jurnee Scott Leyman filed this suit for personal injury and wrongful death on behalf of herself and as the administratrix of the estate of her deceased husband, Noah M. Leyman, against the Amazon Defendants, Defendant Timur Trucking, LLC ("Timur Trucking"), and Defendants Firdavs Kubaev, Ergash Annakukov, and Kamiloddin Adilov (collectively, "the Timur Agents"). Ms. Leyman alleges that her husband died when a tracker-trailer operated by Kubaev and Annakukov and under the direction and control of Timur Trucking and the Amazon Defendants, struck their vehicle on a divided highway in Texas. The Amazon Defendants now move to dismiss based on lack of personal jurisdiction and/or *forum non conveniens*. Ms. Leyman has filed an Opposition brief, to which the Amazon Defendants filed a Reply. (Docs. 32, 34.) Ms. Leyman requests that the Court transfer this case to the Northern District of

Texas in lieu of dismissal if the Court concludes that it lacks personal jurisdiction over the Amazon Defendants. For the reasons that follow, the Court will **GRANT** the Motion to Dismiss Complaint insofar as the Court finds that it lacks personal jurisdiction over the Amazon Defendants, but the Court will transfer this case to the Northern District of Texas rather than dismiss the action.

I.   BACKGROUND

A.   **Factual Allegations**

The Amazon Defendants appear to accept as true the allegations in the Complaint for purposes of this Motion to Dismiss Complaint. Each of the Amazon Defendants is formed under the laws of Delaware and has its principal places of business in Washington. (Doc. 1 at PageID 3–9.) Amazon Logistics, Inc. and Amazon Web Services, Inc. are registered to do business in Ohio and have a registered agent in Ohio. (*Id.* at PageID 3, 9.) The Amazon Defendants engage in business in Ohio through the warehousing of goods and products, the delivery and transportation of goods and products, and "solicitation activities . . . to promote the sale, consumption, and uses of its services." (*Id.* at PageID 3–9.)

Timur Trucking is incorporated in Ohio and has its principal place of business in Warren County, Ohio. (*Id.* at PageID 10–11.) Each Timur Agent was "an officer, owner, director, and supervisor" at Timur Trucking, and each resides in Warren County, Ohio. (*Id.* at PageID 11.) Timur Trucking has a history of safety violations documented by the Federal Motor Carrier Safety Administration in 2022 and 2023. (*Id.* at PageID 17, 27–31.)

The Amazon Defendants comprise the world's largest e-commerce and delivery company. (*Id.* at PageID 12.) The Amazon Defendants use the "Amazon Delivery Partner" website to solicit and contract with delivery partners to transport Amazon goods. (*Id.*) The

Amazon Delivery Website directs motor vehicle carriers to Amazon's Relay electronic application or to similar Amazon programs.  (*Id.*)  Amazon Relay allows motor carriers meeting certain minimum qualifications to sign short-term contracts and has a Load Board where motor carriers can instantly book delivery work across Amazon's entire freight network.  (*Id.* at PageID 13.)  Amazon Relay has features for "(a) finding, booking, and delivering Amazon loads; (b) assigning drivers; (c) accessing Amazon's 'Relay Board'; (d) tracking performance; (e) viewing and downloading payment details; and (f) reporting issues to Amazon."  (*Id.* at PageID 14.)  Motor carriers and drivers use the Load Board in the Amazon Relay application to search for and book assignments in their area.  (*Id.* at PageID 15.)  After a motor carrier books a delivery, the carrier assigns a driver through the Amazon Relay application, and the assignment appears on the driver's Amazon Relay phone application.  (*Id.* at PageID 16.)  The Load Board generates a navigation map for the driver specifying the route and delivery times.  (*Id.*)  The drivers use the Amazon Relay application to report delays and update their delivery times.  (*Id.*)

At some point before the collision that took Mr. Leyman's life, Timur Trucking contracted with the Amazon Defendants through the Amazon Relay application or similar Amazon program to deliver Amazon products.  (*Id.* at PageID 17, 27.)  The Amazon Defendants had engaged Timur Trucking to deliver goods interstate and on Ohio roadways.  (*Id.* at PageID 33.)  On an unspecified date, Amazon Logistics, Inc. provided a 2021 blue Hyundai translead trailer, with Amazon labeling on the exterior, to Timur Trucking to deliver Amazon products. (*Id.* at PageID 17.)  On June 4, 2023, Kubaev and Annakukov, acting in the scope of their agency and employment with the Amazon Defendants and with Timur Trucking, and driving a Freightliner Cascadia with the 2021 blue Hyundai translead trailer, drove down the wrong side of a divided highway on U.S. 287 in Potter County, Texas.  (*Id.*)  They struck a motor vehicle in

which Mr. Leyman was the driver and Ms. Leyman was a passenger, killing Mr. Leyman and causing injury to Ms. Leyman. (*Id.* at PageID 18.)

The Amazon Defendants assert additional facts via the sworn Declaration of Ryan Sandefur, an Amazon senior operations manager:

> 4. Amazon posts available shipments to an online load board (called the Relay Load Board), which is virtually accessible by any of the thousands of motor carriers Amazon contracts with nationally that may choose to transport the load.
>
> 5. On or before May 24, 2023, Amazon made available a shipment of a trailer asset unit from an Amazon facility in Albuquerque, New Mexico to an Amazon facility in Dallas, Texas on its Relay Load Board. Shortly thereafter, Timur Trucking, LLC (Amazon Relay carrier "AGKOP") accepted responsibility for transporting the trailer asset unit from New Mexico Amazon to Texas and assigned a driver, Firdavs Kubaev. Amazon generated an internal identification number for the shipment that was made available to Mr. Kubaev for use when picking up the load at the Amazon facility.

(Doc. 31-1 at PageID 175.) His assertions do not contradict the jurisdictional facts set forth in the Complaint. Significantly, Ms. Leyman does not contest the validity of his factual assertions.

**B.     Procedural History**

On December 20, 2023, Ms. Leyman filed this suit on behalf of herself and Mr. Leyman's estate against the Amazon Defendants, Timur Trucking, and the Timur Agents asserting the following claims:

> Count I: Negligence/Recklessness/Vicarious Liability against all Defendants;
>
> Count II: Negligent Hiring, Training, Retention, and Supervision against the Amazon Defendants and Timur Trucking;
>
> Count III: Negligent Entrustment against Timur Trucking;
>
> Count IV: Negligent Entrustment and Negligent Hiring against the Amazon Defendants;
>
> Count V: Vicarious Liability against the Amazon Defendants; and
>
> Count VI: Loss of Consortium against all Defendants.

(Doc. 1 at PageID 19–35.)

The Amazon Defendants have filed the pending Motion to Dismiss Complaint for lack of personal jurisdiction and/or for *forum non conveniens*. (Doc. 31.)  Ms. Leyman opposes dismissal. (Doc. 32.)  She requests that if the Court is inclined to dismiss the Amazon Defendants for lack of personal jurisdiction, the Court first grant her leave to conduct jurisdictional discovery and submit supplemental briefing. (*Id.* at PageID 192.)  She additionally requests that if the Court then concludes that it lacks personal jurisdiction over the Amazon Defendants, that it transfer this case to the Northern District of Texas pursuant to 28 U.S.C. § 1631. (*Id.*)

## II.   STANDARD OF LAW FOR RULE 12(b)(2) MOTION

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to move for dismissal based on lack of personal jurisdiction.  The plaintiff bears the burden of proving that the court can exercise personal jurisdiction over each defendant.  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).  Where the facts are undisputed such that no evidentiary hearing is necessary, or where the district court exercises its discretion to hold an evidentiary hearing on the jurisdiction issue, then the plaintiff must establish jurisdiction by a preponderance of the evidence.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  On the other hand, where facts are disputed and the district court bases its decision solely on the basis of written submissions without an evidentiary hearing, then "the plaintiff's burden is solely to make a *prima facie* showing that jurisdiction exists."  *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 479–480 (6th Cir. 2015).  "In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh the controverting assertions of the party seeking dismissal."  *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (internal quotation and citation

omitted).

## III. ANALYSIS

### A. Jurisdictional Discovery

As a threshold matter, neither party disputes the jurisdictional facts asserted by Ms. Leyman in the Complaint nor by Ryan Sandefur in his sworn Declaration on behalf of the Amazon Defendants. Nonetheless, Ms. Leyman asks the Court to grant her leave to take jurisdictional discovery if the Court is inclined to grant dismissal on the basis of lack of personal jurisdiction. The Court has discretion to permit jurisdictional discovery when faced with a Rule 12(b)(2) motion. *See Malone v. Stanley Black & Decker*, 965 F.3d 499, 505 (2020). The Court declines to grant discovery here because Ms. Leyman has not identified any contested facts or topics for discovery which would be material to the Court's resolution of the jurisdictional issue. As explained below, the Court finds on the basis of the written submissions alone that Ms. Leyman has not established the Court's personal jurisdiction under even the more lenient prima facie case standard.

### B. Ohio's Long-Arm Statute

The Court next turns to the issue of whether the exercise of personal jurisdiction over the Amazon Defendant's comports with Ohio's long-arm statute and is consistent with constitutional due process.[1] Ohio's long-arm statute provides in relevant part as follows:

---

[1] In 2020 and 2021, Ohio's personal jurisdiction statute was amended. Ohio Rev. Code § 2307.382. (2020 S.10, eff. 4-7-2021; 2020 H. 272, eff. 12-16-2020). Subsection (C) was modified to state that "[i]n addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution."

Prior to the amendment of Ohio Revised Code § 2307.382(C), the Sixth Circuit held that Ohio's long-arm statute did not extend to the constitutional limits of the Due Process Clause. *Calphalon Corp.*, 228 F.3d at 721; *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 638 N.E.2d 541, 545 n.1 (1994). It required a "particularized inquiry" under the long-arm statute "wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012).

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> * * * *
>
> (C) In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution.

Ohio Rev. Code § 2307.382. Ms. Leyman argues that the facts alleged support a finding of jurisdiction under § 2307.382(A)(1) and (2). Ms. Leyman does not address § 2307.382(C), which became effective in April 2021. At least one court in the Southern District of Ohio has held that the purpose of revised subsection (C) is merely to provide for the exercise of general jurisdiction in Ohio, while subsection (A) continues to govern the principle of specific jurisdiction in Ohio. *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 827 n. 2 (S.D. Ohio 2021). Ms. Leyman does not assert that the Court could exercise general jurisdiction over the Amazon Defendants. The Court, therefore, will focus its attention on § 2307.382(A)(1) and (2).

Ms. Leyman argues that § 2307.382(A)(1) and (2) are satisfied because she alleges in the Complaint that the Amazon Defendants contracted with Timur Trucking, an Ohio company, to

---

It appears that no Ohio court has opined on the meaning of § 2307.382(C). Several federal district courts have held that Ohio's long-arm statute now is "coextensive to the limits of the federal Due Process Clause." *Elzayn v. Trad*, No. 2:23-CV-2407, 2024 WL 1367801, at *1 n.1 (S.D. Ohio Apr. 1, 2024); *see also Taner Eren v. Summit Managed Solutions, LLC*, No. 1:22 CV 2340, 2024 WL 2273388, at *1 (N.D. Ohio Mar. 15, 2024); *Midwest Motor Supply Co. v. Nietsch*, No. 2:22-CV-4049, 2023 WL 8649898, at *2 (S.D. Ohio Dec. 14, 2023). However, as stated above, at least one court in the Southern District of Ohio has held that subsection (C) provides for the exercise of general jurisdiction in Ohio, but subsection (A) continues to govern the principle of specific jurisdiction in Ohio. *Premier Prop. Sales Ltd.*, 539 F. Supp. 3d at 827 n. 2. This makes sense, because if subsection (C) applies to the issue of specific jurisdiction to make the Ohio long-arm statute co-extensive with federal due process, then subsection (A) no longer has any purpose. Perhaps that is why, in 2022, the Supreme Court of Ohio analyzed specific jurisdiction both under subsection (A) of the long-arm statute and under the Due Process Clause without addressing subsection (C). *LG Chem, Ltd. v. Goulding*, 167 Ohio St. 3d 488, 2022-Ohio-2065, 194 N.E.2d 355.

7

deliver Amazon products for payment, and therefore the Amazon Defendants were obligated to pay Timur Trucking in Ohio. She further alleges that the Amazon Defendants provided Timur Trucking access to the Relay Application and other services in Ohio. (Doc. 32 at PageID 181–183.) In response, the Amazon Defendants argue that the long-arm statute is not satisfied because their conduct in Ohio is not the proximate cause of Ms. Leyman's injuries or damages. "[T]he Ohio long-arm statute requires a 'proximate cause' relationship between the defendant's act and the plaintiff's cause of action." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014); *see also Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 818 (S.D. Ohio 2023). But-for causation is not sufficient. *Lexon Ins. Co.*, 573 F. App'x at 429. Proximate cause is defined in Ohio "as a happening or event that as a natural or continuing sequence, produces an injury without which the injury would not have occurred." *McDougall v. Smith*, 2010-Ohio-6069, ¶ 5, 191 Ohio App. 3d 101, 944 N.E.2d 1218, 1219.

Unfortunately, Ms. Leyman fails to specifically address the proximate causation issue in her Opposition brief. She does not assert a theory of how the Amazon Defendants' activities in or directed to Ohio proximately caused the fatal collision between Timur Trucking and the Leymans in Texas. Of course, the general business activities of Amazon in Ohio—warehousing, transporting, and delivering goods in and through the state—are not related to Ms. Leyman's claims. Nor are Amazon's acts of entering into a contract with Timur Trucking, allowing Timur Trucking access to its Relay application in Ohio, or obligating itself to make payments to Timur Trucking in Ohio the proximate cause of Ms. Leyman's injuries and damages. Rather, Timur Trucking chose to book the assignment to deliver goods from New Mexico to Texas through the Relay application. Timur Trucking assigned the particular drivers, Kubaev and Annakukov, for the delivery. Kubaev and Annakukov then drove the commercial truck "negligently, recklessly,

and wantonly [and] crossed from the southbound lane of US 287 [in Texas], heading on into the northbound lane, traveling on the wrong side of the roadway on a separate highway." (Doc. 1 at PageID 18.) In sum, Amazon's limited acts directed to Ohio through its contractual relationship with Timur Trucking are not, on the facts alleged, the proximate cause for the fatal accident resulting from the reckless and wanton driving of Kubaev and Annakukov. To the extent that the Amazon Defendants had a duty to control and direct the drivers through the Relay application during the delivery assignment, such conduct by the Amazon Defendants occurred in Texas or at Amazon's principal place of business in Washington.

An Ohio court reached a similar decision in the only case on point cited by either party. In *Debeer v. Amazon Logistics, Inc.*, No. 2022CV00223, 2022 Ohio Misc. LEXIS 3975 (Ct. Com. Pl. June 22, 2022), the plaintiff sued Amazon in Ohio for a collision occurring in Minnesota between the plaintiff's decedent and a truck driver hired by an Ohio corporation to deliver Amazon goods from New Jersey to Idaho. *Id.* at PageID *1–2, 6–7.[2] The court found that the plaintiff's claim did not "*arise out of* Amazon transacting any business **in Ohio**, contracting to supply services or goods **in Ohio**, or causing tortious injury by an act or omission committed **in Ohio**" for purposes of the long-arm statute. *Id.* at *6–7 (emphases in the original). This Court agrees. The Court lacks personal jurisdiction over the Amazon Defendants under the Ohio long-arm statute.

## C.   Specific Jurisdiction—Due Process

To satisfy the Due Process Clause, a defendant must have had "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal

---

[2] There was a dispute whether the driver, in fact, was engaged by the Ohio corporation sued as a defendant or by another entity. *Id.* at *6–7. The court stated that personal jurisdiction did not exist over the Ohio corporation even if the allegation was true. *Id.*

9

quotation and citation omitted). A defendant should not be "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A defendant's contacts with the forum state can give rise to either general or specific jurisdiction. Ms. Leyman asserts that jurisdiction is appropriate under a specific jurisdiction analysis.[3]

The Supreme Court also explained the governing principles of specific jurisdiction as follows:

> Specific jurisdiction is very different [than general jurisdiction]. In order for a state court to exercise specific jurisdiction, the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017) (internal quotations and citations omitted) (emphasis in the original).

The Sixth Circuit applies the following three-prong test for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–550 (6th Cir. 2016) (citation omitted).

The first prong—purposeful availment—can be shown with a showing of a "regular course of business" conducted in the state. *AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *5 (6th Cir. May 8, 2024). The "[u]se of an interactive website to sell

---

[3] By failing to address the Amazon Defendants' general jurisdiction arguments, Ms. Leyman has waived the right to assert that they were subject to general jurisdiction in Ohio.

products into a forum creates jurisdiction" where "that course of conduct pairs a willingness to sell into the forum with regular sales." *Id.* at *4. Directly or affirmatively targeting a state is another way to show purposeful availment. *Id.* at *5. Ms. Leyman argues that the Amazon Defendants purposefully availed themselves of the privilege of acting in Ohio when they engaged in the business of warehousing, delivering, and transporting products in and through Ohio. She further points out that they contracted with Timur Trucking, an Ohio company, to serve as a delivery partner. The Court finds she has satisfied the purposeful availment prong. However, the Court notes that jurisdictional facts do not suggest that the Amazon Defendants affirmatively targeted an Ohio company for this particular assignment to deliver the Amazon goods from New Mexico to Texas. Rather, the assignment was made widely available on the Relay application to all motor carriers with whom Amazon contracts.

Ms. Leyman has a more difficult time establishing the second and third prongs—whether the claims arise out of or relate to the Ohio conduct and whether exercising jurisdiction is reasonable. The second prong does not require a showing of proximate causation. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 592 U.S. 351, 361 (2021); *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 672 (6th Cir. 2023). The Supreme Court explained:

> [O]ur most common formulation of the rule demands that the suit "arise out of *or relate to* the defendant's contacts with the forum." The first half of that standard asks about causation; but the back half, after the "or," contemplates that some relationships will support jurisdiction without a causal showing. That does not mean anything goes. In the sphere of specific jurisdiction, the phrase "relate to" incorporates real limits, as it must to adequately protect defendants foreign to a forum. But again, we have never framed the specific jurisdiction inquiry as always requiring proof of causation—*i.e.,* proof that the plaintiff's claim came about because of the defendant's in-state conduct.

*Ford Motor Co.*, 592 U.S. at 362 (citations omitted). "The foreign defendant's 'suit-related conduct' must establish 'a substantial connection with the forum State.'" *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (quoting *Walden v. Fiore*, 571 U.S. 277, 284

(2014)).

To begin, Ms. Leyman's claims against the Amazon Defendants do not arise out of or relate to the fact that Amazon warehouses, transports, or delivers goods in and through Ohio. The fatal collision on June 4, 2023 in Texas did not involve the warehousing, transportation, or delivery of goods in or through Ohio. Instead, Ms. Leyman asserts that her tort claims based on the collision arise from or relate to the transportation contract between the Amazon Defendants and Timur Trucking, an Ohio company.[4] That is true in the broadest sense. Nonetheless, the exercise of jurisdiction over the Amazon Defendants in the Southern District of Ohio would not be reasonable under the facts presented.

Courts look at a number of factors to determine if the exercise of jurisdiction is reasonable including "(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the [suit]." *AlixPartners*, 836 F.3d at 552 (citation omitted). The Amazon Defendants have their principal places of business in Washington, and Ms. Leyman resides in Georgia, so neither has a strong connection to Ohio. Both will be required to travel whether the case proceeds in Ohio or Texas.[5] Ms. Leyman has indicated her willingness to pursue these claims in the Northern District of Texas. The people in the state of Texas have a substantial interest in resolving the issue of liability for a fatal traffic accident occurring on its roadway. Finally, as explained more below, the people of the state of Ohio have minimal, if any, interests in this litigation when the shipment of goods and the alleged negligent or reckless conduct occurred in Texas.

---

[4] The Court does not find it relevant that Timur Trucking selected drivers who reside in Ohio. The Court only considers the acts the Amazon Defendants themselves direct towards Ohio.

[5] Timur Trucking and the Timur Drivers reside in Ohio, but they were conducting business in Texas at the time of the accident so both forums should be acceptable to them.

It is useful to ask what activity or occurrence by the defendants in the forum state might be subject to the state's regulation. *See Bristol-Myers Squibb Co.*, 582 U.S. at 262 (stating "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation") (internal quotation and citation omitted). Ohio could have an interest in enforcing the contract between the Amazon Defendants and Timur Trucking, an Ohio company, but that interest does not arise here because there are no claims that the contract is invalid or was breached. Whatever duty the Amazon Defendants had to oversee or direct the June 4, 2023 delivery by Timur Trucking, that duty arose or took place in Texas where the collision took place or in Washington where the Amazon Defendants have their principal places of business.

In sum, the acts or conduct directed to Ohio—the Amazon Defendants contracting with an Ohio trucking company—are attenuated from tort claims arising from the tragic collision in Texas. The Supreme Court has called "a strong relationship among the defendant, the forum, and the litigation" the "essential foundation of specific jurisdiction." *Ford Motor Co.*, 592 U.S. at 365 (internal quotation and citation omitted). Here, no strong relationship exists among the Amazon Defendants, the Ohio forum, and the litigation. This Court agrees with the Ohio court which determined in similar factual circumstances that exercising personal jurisdiction over Amazon would be unreasonable:

> [That] Amazon's electronic posting for this cargo shipment from New Jersey to Idaho was accepted on an online load board by a trucking company that happens to be incorporated in Ohio . . . illustrates precisely the type of 'random, fortuitous, or attenuated' contact between Amazon and some other entity affiliated with Ohio that has been found insufficient to justify the exercise of specific jurisdiction within the bounds of Constitutional due process. Plaintiff essentially contends that jurisdiction as to Amazon should be found merely because the company that signed up to haul this shipment from New Jersey to Idaho (using a driver from Colorado) was incorporated in Ohio. Those facts, even if true, do not establish a

> meaningful connection between Amazon and the State of Ohio sufficient to create jurisdiction within the bounds of due process.

*Debeer*, 2022 Ohio Misc. LEXIS 3975, at *10–11. Timur Trucking is both incorporated and has its principal place of business in Ohio, but that distinction is not material when the jurisdictional facts are considered as a whole. The passive act of allowing an Ohio trucking company to book an assignment through the Relay application to deliver Amazon goods through two other states is not sufficient in these circumstances to confer specific jurisdiction over the Amazon Defendants in the Southern District of Ohio.[6]

**D.     Transfer of Jurisdiction**

Ms. Leyman requests that the Court transfer this action to the Northern District of Texas in lieu of dismissal pursuant to 28 U.S.C. § 1631 upon a finding of lack of personal jurisdiction over the Amazon Defendants. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. In this case, there is not a complete want of jurisdiction because the Court has personal jurisdiction over Timur Trucking, Kubaev, Annakukov, and Adilov. Nonetheless, transfer is warranted under 28 U.S.C § 1404(a) even if it is not warranted under § 1631. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

It is in the interest of justice to transfer this case to the Northern District of Texas so that all claims against all parties can be litigated in one forum. Ms. Leyman has indicated her preference that the case be transferred rather than dismissed. The Defendants do not appear to

---

[6] The Court need not examine whether dismissal of the Amazon Defendants would be appropriate under the doctrine of *forum non conveniens* given its holding that it lacks personal jurisdiction over them.

have reasonable grounds to object to jurisdiction or venue in the Northern District of Texas. Finally, the people in the State of Texas have a greater interest in adjudicating claims arising from a fatal traffic collision that occurred in Texas than do the people in the State of Ohio. Non-party witnesses and evidence concerning the collision will be in Texas. Accordingly, the Court will transfer this case to the Northern District of Texas.

## IV.     CONCLUSION

For the foregoing reasons, Motion to Dismiss Complaint for Lack of Personal Jurisdiction and/or *Forum Non Conveniens* (Doc. 31) is **GRANTED** insofar as the Court finds that it lacks personal jurisdiction over Defendants Amazon Logistics, Inc., Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Sales, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc.  However, the Court **TRANSFERS** this case to the Northern District of Texas in lieu of dismissal.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge