### **Parties' Joint Advisory Letter**

Pursuant to this Court's Order Setting Discovery Management Conferences (ECF 208), the parties hereby submit their Joint Advisory Letter for the Court's review. Below are I. Plaintiffs' Issues to be Addressed at the 3/19/26 Discovery Conference; II. Amazons' Issues to be Addressed at 3/19/26 Discovery Conference; III. Amazons' Responses to Plaintiffs' Issues to Be Addressed at 3/19/26 Discovery Conference; and IV. Plaintiffs' Responses to Amazons' Issues to be addressed at the 3/19/26 Discover Conference.[1]

### **I.    Plaintiffs' Issues to be Addressed at 3/19/26 Discovery Conference**

1.    Emails between Timur Trucking and Amazon. This is a continuation from the 2/24/26 Discovery Conference. It's been twenty (20) days since the last Discovery Conference and Amazon has still not provided Plaintiffs' with an estimate from their ESI vendor or any updated information about obtaining emails.

Plaintiffs' Request for Relief: Plaintiffs hereby request an Order from this Court compelling Amazon to produce emails between Amazon and Timur Trucking from when Timur Trucking first became a Relay carrier on July 15, 2022 through being banned by Amazon on June 6, 2023. This includes emails to/from Kamoliddin Adilov which is qodirbek2008@gmail.com, Timur Trucking's dispatch email which is dispatchtimurtruckingllc@gmail.com, and Firdavs Kubaev which is firdavs.kubaev2015@gmail.com. This should also include all emails from the various email addresses and departments within Amazon set forth in Plaintiffs' Request for Production of Documents regarding emails which were contained in the previous Joint Advisory Letter. Plaintiffs request that Amazon has fourteen (14) days to produce all emails and at their cost.

2.    Depositions of Amazon Employees. On March 3, 2026, Plaintiffs requested the deposition of two (2) Amazon employees and on March 11, 2026, Plaintiffs again requested dates for these employees as well as a third Amazon employee. To date, Amazon has not acknowledged or responded to these requests, which is causing delay to this case.

Plaintiffs' Request for Relief: Plaintiffs request this Court to order Amazon to provide deposition dates for these three (3) employees no later than Monday, March 26, 2026.

3.    Plaintiffs' 8th Set of Request for Production of Documents. On January 23, 2026, Plaintiffs' served their 8th Set of Request for Productions of

---

[1] Herein, the Joint Advisory refers to all Defendants with "Amazon" in their name as "the Amazon Defendants" or "Amazon," all other Defendants as "the Timur Defendants," and to Plaintiff and Intervenor Plaintiffs collectively as "Plaintiffs," unless otherwise noted.

**Parties' Joint Advisory Letter - Page 1 of 7**

Documents on Amazon. Amazon served their responses, which were basically objections to every request without a single document being produced on March 2, 2026. Attached are Amazon's Responses and Objections to Plaintiffs' 8th Set of RPD. On March 4, 2026, Plaintiffs sent the attached deficiency letter to Amazon requesting dates for a meet and confer by the end of the week. To date, Amazon has ignored this request and their objections to this set of discovery are without merit. Plaintiffs do acknowledge that on March 13, 2026, Amazon produced documents which appear to be in response to Request for Production No. 3 but failed to supplement their responses stating as such.

Plaintiffs' Request for Relief: Plaintiffs request this Court to order Amazon to produce documents responsive to all document requests contained in Plaintiffs' 8th Set of Request for Production of Documents.

4.    Production of Non-Privileged Notes. Amazon has removed their claim of privilege to notes which appeared on their Privilege Log which was discussed during the Court's last Discovery Conference. On March 4, 2026, Plaintiffs requested that Amazon produce these documents labeled PRIV 000001-000002 with an Amazon bates numbering, but have not acknowledged this request or responded.

Plaintiffs' Request for Relief: Plaintiffs request this Court to order Amazon to produce these documents no later than Monday, March 23, 2026, since they are no longer privileged.

## I.    <u>Amazon's Issues to Be Addressed at 3/19/26 Discovery Conference</u>

1.    <u>Amazon Defendants' request to seek leave to file separate dispositive motion on FAAAA and a stay of discovery and all proceedings in the case pursuant to same.</u>

The Supreme Court of the United States recently heard oral argument in <u>Montgomery v. Caribe Transport II, LLC</u>, a landmark case very likely to shape the legal landscape under which this case will ultimately be decided.[2] The sole issue in Montgomery is "whether a federal statute, <u>49 U.S.C. § 14501(c)</u>, preempts a state common-law claim against a broker for negligently selecting a motor carrier or driver."[3] During oral arguments, the Supreme Court Justices questioned counsel for Petitioner, Respondent, and the Assistant Solicitor General as to whether this would also apply in the context of shippers.[4] The Amazon Defendants have pled as an

---

[2] No. 24-1238 (oral arguments held on March 4, 2026).

[3] *Id.*

[4] *See generally Id.* (Mr. Clement for Petitioner, Mr. Boutrous for Respondent, and Mr. Joshi as Assistant Solicitor General all faced questions regarding the preemption of shippers during oral

affirmative defense that this statute, entitled the Federal Aviation Administration Authorization Act ("FAAAA"), specifically preempts the claims brought against Amazon by both Plaintiff and Intervening Plaintiffs.[5] After an adequate time for discovery has passed, the Amazon Defendants intend to move for summary judgment, both on the issue of FAAAA preemption and on the merits of the negligence-based claims filed against them.

The Court's Second Amended Scheduling Order (ECF 205) cites to Local Civil Rule 56.2(b), limiting a party to filing one summary judgment motion "[u]nless otherwise directed by the presiding judge, or permitted by law." Because the issue of FAAAA preemption will likely require substantial briefing in itself, and because that very issue is currently pending before the Supreme Court, the Amazon Defendants would request permission from the Court to file a standalone summary judgment on FAAAA preemption, without prejudicing their ability to file a separate summary judgment motion on the merits. If allowed to file separate motions, it would be the intent of the Amazon Defendants to file the FAAAA preemption ahead of the separate motion on the merits, along with a motion seeking to stay the case, to help facilitate a more streamlined path for the Court to rule on the respective motions.[6] And, because the issue of FAAAA preemption is pending before the Supreme Court, the Amazon Defendants intend to request a stay of the present case pending guidance from forthcoming opinion in the *Montgomery* case.

To the extent Intervenor argues that the FAAAA does not apply to the Amazon Defendants, Amazon Defendants Plaintiffs' statement that "the FAAAA statute specifically states that it only applies to 'any motor private carrier, broker, or freight forwarder with respect to the transportation of property'" is simply wrong. The U.S. Supreme Court rejected such a cramped reading of this same provision in *Rowe v. New Hampshire Motor Transportation Association*, 552 U.S. 364, 372 (2008), holding that it was immaterial that the state regulation at issue "tells *shippers* what to choose rather than *carriers* what to do" because the "*effect* of the regulation" impacted motor carrier services. *Id.* at 372 (last emphasis added). *Rowe* demonstrates that indirect effects of the state regulation on motor carriers' prices, routes, or services can still require preemption even though the state law claim targets a shipper. It is the "effect" that matters, not the entity. That is why the substantial majority of courts

---

argument: https://www.supremecourt.gov/oral_arguments/argument_transcripts/2025/24-1238_2cp3.pdf).

[5] *See Amazon Defendants' First Amended Answer to Intervening-Plaintiffs' First Amended Original Complaint,* filed November 25, 2024, at ¶ xii (ECF 86) and *Amazon Defendants' First Amended Answer to Plaintiffs' First Amended Original Complaint,* filed December 5, 2024, at ¶ xii (ECF 90).

[6] The Amazon Defendants wish to reiterate that they are in no way attempting to suggest how the Court manages or should manage its own docket. To the contrary, the Amazon Defendants are raising this issue to preview their intended filings, so as to give the Court the "full picture," under which it can provide the Parties its preferred order of operations.

have held that FAAAA preemption applies to shippers even though they are not directly referenced in 49 U.S.C. § 14501(c)(1).  *See, e.g., Creagan v. Wal-Mart Trans., LLC*, 354 F. Supp. 3d 808, 813 & n.6 (N.D. Ohio 2018) (holding that negligent hiring claim against Wal-Mart, the shipper of the goods at issue, "indirectly attempt[ed] to regulate broker services" and thus was preempted); *Bradley v. Big's Trucking*, No. 2:23-cv-122, 2024 WL 4045467, at *7 (M.D. Ala. Sep. 4, 2024) (FAAAA preempted state law direct negligence claims against a shipper for personal injuries and wrongful death, since permitting such claims would otherwise "allow states to indirectly intervene into the services market of the trucking industry in a manner which the FAAAA sought to prevent"); *HMD Am., Inc. v. Q1, LLC*, Civ. No. 23-21865, 2024 WL 167374, at *2–3 (S.D. Fla. Jan. 12, 2024) (FAAAA preempted plaintiff's state law tort claim against shipper for negligently arranging transportation of cargo and selecting motor carrier); *Tischauser v. Donnelly Transp. Inc.*, No. 20-C-1291, 2023 WL 8436321, at *4–5 (E.D. Wis. Dec. 4, 2023) ("Wisconsin's common law of torts amounts to 'regulat[ion] of carrier delivery services,' and imposes costs on the operation of Sysco, a shipper, that the FAAAA was intended to preempt." (quoting *Rowe*, 552 U.S. at 372)); *Lee v. Werner Enters., Inc.*, No. 3:22 CV 91, 2022 WL 16695207, at *4 (N.D. Ohio Nov. 3, 2022) (dismissing as preempted state law tort claims against Target, the shipper, arising out of its "alleged negligence in 'arranging the transportation of the load'").

At a minimum, the fact that this question was also addressed in oral argument in *Montgomery* helps demonstrate that *Montgomery* will likely have a material impact on the court's consideration of and ultimate ruling on FAAAA preemption.  Even if the Supreme Court says nothing about shippers, its ruling as to the scope of the safety exception will have a material impact on this case and this Court would still need to determine in whether FAAAA preemption applies to shippers (as the vast majority of courts have held).  That is why courts throughout the country have granted stays pending a ruling in *Montgomery*—including in cases involving Amazon as a shipper.  *See, e.g., Crane v. Penske Trans. Mgmt.*, No. 25-40012, Dkt. 118, Order (5th Cir. Oct. 7, 2025) (ordering abeyance sua sponte); *Venegas v. Amazon.com*, No. 26-90004, Dkt. 32-1 (5th Cir. March 2, 2026) (granting opposed motion for interlocutory appeal and to hold appeal in abeyance pending *Montgomery* in a case where Amazon is a defendant); *Mays v. Uber Freight, LLC*, No. 25-1629, Dkt. 25, Order (4th Cir. Oct. 29, 2025) (granting opposed motion for abeyance); *Fuelling v. Echo Global Logistics, Inc.*, No. 25-1217, Dkt. 44, Order (4th Cir. Oct. 6, 2025) (granting unopposed motion for abeyance); *Najaffzada v. Prime Transp. Sys. LLC*, 1:25-cv-00546, Dkt. 28 (D. Id. March 4, 2026) (granting opposed motion to stay in a case where Amazon is a defendant); *Bruno v. Amazon Logistics, Inc.,* A-21-844395-C (Nev. Dist. Ct., Clark Cnty. March 3, 2026) (granting opposed motion to stay in a case where Amazon is a defendant); *Thompson v. Amazon.com, Inc.*, 1:25-cv-00553, Dkt. 79 (D. Colo. Feb. 24, 2026) (granting unopposed motion to stay in a case where Amazon is a defendant); *Kirton v. Brito*, 3:25-cv577, Dkt. 27 (N.D. Ala. Jan. 20, 2026) (staying all non-expired deadlines *sua sponte* pending ruling in

**Parties' Joint Advisory Letter - Page 4 of 7**

*Montgomery* in a case where Amazon is a defendant); *Brown v. Clear Blue Ins.*, No. 25-cv-762-MLH, 2025 WL 3008825, at *2 (W.D. La. Oct. 27, 2025) (remanding while noting "sound reasons" for a stay if the court had jurisdiction).

As such, the Amazon Defendants' request is twofold: (1) a request for permission to file a standalone summary judgment motion on the issue of FAAAA without prejudice to filing a separate summary judgment motion on the merits; and (2) a request for leave to seek a stay of the present case, pursuant to the standalone summary judgment on FAAAA preemption, pending resolution of the *Montgomery* case before the Supreme Court.

## II.    Amazon's Responses to Plaintiffs' Issues to be Addressed at 3/19/26 Discovery Conference

1.    As explained previously to Plaintiffs and at the last conference, the various email addresses set forth in Plaintiffs' prior requests are not, in themselves, searchable. Thus, despite being well aware of this, Plaintiffs are requesting the Court enter an order for which it will be impossible to comply. Secondly, Plaintiffs again already have the substantive information regarding requested coaching, banning, and suspensions produced via the SIM-C tickets, all of the associated tabs behind them, and the detailed audit trails outlining the creation and modification of the same. Further, the Amazon Defendants would reiterate that obtaining the emails from Timur would be much less burdensome endeavor if there is a way to access the email addresses referenced by Plaintiffs above. Plaintiffs' request for the Order as proposed should be denied on these bases alone.

However, after discussions with Amazon's e-discovery vendor, counsel for the Amazon Defendants propose the following solution in an attempt to provide Plaintiffs with the assurance that they have truly reached the bottom of the well on this issue: Amazon can conduct an ESI search of the Amazon Employees identified to have interacted with Timur Trucking. This list is comprised of seven Amazon employees, which have been identified to Plaintiffs' counsel. The narrowed ESI search of these inboxes would cost approximately $40,000 – $50,000.

While a significant reduction from the search estimate based on Plaintiffs' request as-written, this new estimate still is a disproportionately expensive endeavor and Amazon would request Plaintiffs to share in the cost of conducting this search, as the Northern District has ordered previously. *See Multitechnology Servs., L.P. v. Verizon*, No. 4:02-CV-702-Y, 2004 U.S. Dist. LEXIS 12957, at *2 (N.D. Tex. 2004) (citing FED. R. CIV. P. 26(c) and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978))(requiring the parties to "evenly shoulder the expense… because it balances the benefit of the discovery for [Intervening Plaintiffs] and provides [Amazon] with incentive to manage the costs it incurs in answering [Intervening Plaintiffs' Request].").

**Parties' Joint Advisory Letter - Page 5 of 7**

Amazon Defendants' request that the Court deny Plaintiffs' request for an Order compelling production of emails within fourteen days and instead order Plaintiffs to participate evenly in a cost share of Amazon Defendants' proposed narrowed ESI search, bearing fifty percent (50%) of the costs.

2.    Depositions of Amazon Employees. One of the deponents requested on March 3, 2026, is on a five-week personal leave of absence and the other is an Outsourced Health & Safety Employee. The third deponent was only just requested last week on March 11, 2026, and is a former employee. All three pose independently-difficult challenges to coordinating their respective depositions. Nevertheless, Amazon Defendants are working to do so.

Amazon Defendants' Request: Plaintiffs' request for a Court order to provide deposition dates should be denied, with the understanding that Amazon Defendants continue actively working to provide deposition dates.

3.    Plaintiffs' 8th Set of Request for Production of Documents. Amazon produced responsive document to Request for Production No. 3 on March 13, 2026. The remaining requests, as described in the Amazon Defendants' objections, further exemplify the continued attempted autopsy into every nook and cranny of Amazon's internal workings, including presupposing the existence of certain "White Papers,", then cumulatively requesting screenshots of all the potential repositories in which those White Papers could plausibly reside if they were to exist. The 9th Set of Requests are the epitome of a fishing expedition, and the Amazon Defendants request the Court sustain their objections to the same.

Amazon Defendants' Request for Relief: The Court should deny Plaintiffs' request for order compelling production of unrelated internal documents.

4.    Production of Non-Privileged Notes. On March 4, 2026, Amazon advised that PRIV 000001 – 000002 was produced by in response to a DWQ propounded by Intervening Plaintiffs' DWQ, labelled as numbered pages 00038 – 00039 in the DWQ response.

Amazon Defendants' Request for Relief: The Court should deny Plaintiffs' request for an order compelling production because the documents have already been produced.

## III.    Plaintiffs' Responses to Amazons' Issues to be Addressed at the 3/19/26 Discovery Conference

As Amazon points out, they have known about the FAAAA issue for a very long time as they pled it in their First Amended Answer sixteen (16) months ago. Despite many conferences with the Court about various issues and deadlines, including amending Scheduling Orders, Amazon now chooses to raise this issue and also asks for a complete stay of the case. Amazon is only trying to delay this case in hopes that the November 2026 trial date goes away. The FAAAA issue does not require substantial briefing as Amazon has told this Court that they are a shipper (See ECF Document 188 – Joint Advisory Letter for 11/13/25 Discovery Conference, Page 3) and the FAAAA statute specifically states that it only applies to *"any motor private carrier, broker, or freight forwarder with respect to the transportation of property"* – Amazon is none of these. Furthermore, Amazon should not get two separate dispositive motions for this case.

Plaintiffs' Request for Relief: First, the Court should deny Amazon's request to stay this case and keep the current Scheduling Order in place including the trial date. Second, the Court should deny Amazon's request for two dispositive motions and limit them to one motion for summary judgment to be filed by the current deadline in the case.