IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JURNEE SCOTT LEYMAN, *Individually and as Administratrix of the Estate of Noah M. Leyman, Deceased*, | § | |
| Plaintiff, | § | |
| and | § | |
| MICHAEL LEYMAN *and* ADRIANE LEYMAN, | § | |
| Intervenor Plaintiffs, | § | |
| v. | § | 2:24-cv-129-BR |
| AMAZON LOGISTICS, INC., AMAZON LOGISTICS, LLC, AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, TIMUR TRUCKING, LLC, FIRDAVS KUBAEV, *and* KAMILODDIN ADILOV, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE OPINIONS OF PLAINTIFFS' EXPERT DAVID FRENCH**

This diversity action arises from a motor vehicle accident that occurred on June 4, 2023, and resulted in the death of Noah M. Leyman—the Plaintiff's husband—and in injuries to Plaintiff. (ECF 80 at 1). Intervenor Plaintiffs are the decedent's surviving parents. (ECF 79). Defendants are Amazon Logistics Inc., Amazon Logistics LLC, Amazon.com Inc., and Amazon.com Services LLC (collectively "Amazon"), as well as Timur Trucking, LLC, Firdavs Kubaev, and Kamiloddin Adilov.

Now before the Court is the Amazon's Motion to Exclude Plaintiff's Expert David French. (ECF 282). Having considered the parties' filings and the applicable law, for the following reasons, Amazon's Motion is DENIED.

## I. APPLICABLE LAW

Generally, witnesses in federal cases are only permitted to testify on matters of which they have personal knowledge. FED. R. EVID. 602. Such testimony can take the form of an opinion, but most of the time, among other restrictions, the opinion must not be "based on scientific, technical or other specialized knowledge[.]" *Id.* at 701(c). To offer an opinion[1] based on specialized knowledge—an "expert opinion"—certain standards must be met.

Those standards can be summarized under three headings: qualifications, relevance, and reliability. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997). The first requires that the witness must be "qualified as an expert by knowledge, skill, experience, training, or education[.]" FED R. EVID. 702. Second, the trial court must find it "more likely than not that the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" *Id.* at 702(a). Finally, the expert opinion must be "based on sufficient facts or data; . . . [be] the product of reliable principles and methods; and . . . [must reflect] a reliable application of the principles and methods to the facts of the case." *Id.* at 702(b)–(d). The proponent of the evidence bears the burden of proof on all three matters. *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 800 (N.D. Tex. 2018) (Horan, J.).

[1] These rules also apply to factual testimony based on specialized knowledge—they are not restricted to opinions or conclusions. *See* FED. R. EVID. 702 ("A witness who is qualified as an expert . . . may testify in the form of an opinion *or otherwise*[.]") (emphasis added). The Court refers to all testimony based on scientific, technical, or other specialized knowledge as "expert opinion" in the interest of simplicity.

A. Expert Testimony Reliability

An expert opinion is only admissible if it is reliable. The rules break reliability into three inquiries: sufficiency of the underlying data, reliability of the principles and methods, and reliable application of those principles and methods. FED. R. EVID. 702(b)–(d). Together, these "assess[ ] whether the reasoning or methodology underlying the testimony is scientifically valid." *Knight*, 482 F.3d at 352 (internal quotation marks omitted). "[C]ourts consider the following non-exclusive list of factors when conducting the reliability inquiry: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citation and internal quotation marks omitted).

The test for reliability is flexible, however. The specific factors listed above neither necessarily nor exclusively apply to all experts or in every case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The district court "has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion." *Johnson*, 685 F.3d at 458-59 (quoting *Knight*, 482 F.3d at 354). Where technical or other specialized knowledge "might become the subject of expert testimony," the Supreme Court has made it clear that "reliability concerns may focus upon person knowledge or experience." *Kumho Tire*, 526 U.S. at 147, 150. Experts may "tie observations to conclusions through the use of general truths derived from specialized experience." *Id.* at 148.

B. The Court's Role

The landmark Supreme Court decision on expert witnesses is *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Applying an earlier version of the applicable rules, which have

since been amended in part to adopt the principles of *Daubert* and its progeny, the Supreme Court emphasized the role of the trial judge in screening out irrelevant and unreliable testimony and evidence. *Id.* at 589; *accord* FED. R. EVID. 104(a) ("The court must decide any preliminary question about whether a witness is qualified . . . or evidence is admissible.").

The Fifth Circuit has emphasized that this role cannot be abdicated by admitting opinions that lack a sufficient basis in facts or data, or that fail to reliably apply appropriate methods, pursuant to a mere "glance at the expert's credentials[.]" *Harris v. FedEx Corp. Servs.*, 92 F.4th 286, 303 (5th Cir. 2024) (quoting *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)). The inquiry demanded of the Court is a "flexible" one, however, and the trial court has "broad discretion" in performing it. *Daubert*, 509 U.S. at 594, *and Harris*, 92 F.4th at 303–04 (quoting *Adams v. Mem'l Hermann*, 973 F.3d 343, 352 (5th Cir. 2020)).

The burden is on the proponent of expert witness testimony to establish by a preponderance of the evidence that the testimony is admissible. *See Daubert*, 509 U.S. at 592 n.10. Importantly, the question of admissibility is not about whether the testimony is correct or true. That is a matter reserved for the factfinder at trial. *United States v. Hodge*, 933 F.3d 468, 478 (5th Cir. 2019) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) *and Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). As such, questions of the weight carried by an expert opinion, or the relative degree of expertise possessed by a qualified witness, are not determinative when deciding the admissibility of an expert opinion. *See, e.g.*, *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1044–45 (N.D. Tex. 2022) (citing *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009)).

Moreover, "the rejection of expert testimony is the exception rather than the rule." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). "[T]he trial court's role as gatekeeper is not

intended to serve as a replacement for the adversary system." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1078 (5th Cir. 1996)). The adversary system thus still acts as the ultimate arbiter of truth. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## II. ANALYSIS

Amazon moves to exclude Plaintiffs' expert David French on the grounds that: (1) his report contains only *ipse dixit* assertions; and (2) his assertions are not reliable because there are no identified principles or methods of arriving at his conclusions. (ECF 282 at 4).

### A. *Ipse Dixit* Argument

Amazon argues that "French's report does little more than quote various contractual provisions and then summarily express his subjective opinion these suggest control." (*Id.* at 7). The Supreme Court has held that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Therefore, expert opinions consisting only of the *ipse dixit* of the expert are properly excluded.

However, the Court has reviewed French's expert report and does not agree that French's opinion is simply *ipse dixit*. His report reflects that his opinion is based on an analysis of the Amazon Relay contracts, policies, and terms of service, as compared to federal safety regulations and commercial practices. (*See* ECF 282 at 10-38). French's extensive experience in the commercial trucking industry allows him to draw conclusions from the factual data in this case. This does not make the opinions mere *ipse dixit*. Amazon is welcome to challenge French's underlying assumptions and conclusions upon cross examination.

B. Reliability Argument

Amazon relatedly argues that French's report is unreliable because it "does not contain any principles or methods for arriving at his conclusions aside from conclusory assertions." (ECF 282 at 12). Therefore, Amazon argues, "French's report lacks any pertinent methodology to even assess whether his opinions are reliable at all." (*Id.*). Just as the Court found that French's report was not mere *ipse dixit*, the Court finds that it contains an assessable methodology.

It is well settled that an expert may testify based on personal experience. *See Kumho Tire*, 529 U.S. at 156 ("[N]o ones denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.")' *Van Winkle v. Rogers*, 82 F.4th 370, 379 (5th Cir. 2023) ("Experience alone can provide a sufficient foundation for expert testimony."); *Rodriguez v. Frez-N-Stor, Inc.*, No. CV H-23-3944, 2025 WL 2597553, *5 (S.D. Tex. Sept. 5, 2025) ("But when an expert testifies from experience and training, the expert can explain how the incident in dispute resembles cases he or she has seen before.').

Further, courts regularly allow experts to opine on industry standards. *See Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038 (N.D. Tex. 2022) ("Qualified experts are permitted to offer opinion testimony as to industry standards or norms and whether or not they were followed in a particular case, as long as such opinions involve questions of fact rather than purely legal matters."). Where relevant, this could include opinions on "how a reasonable industry participant would view certain contractual provisions or clauses." *Maldonado v. Stand. Aero (San Antonio) Inc.*, No. 5:20-CV-00640-DAE, 2025 WL 2946617 (W.D. Tex. Mar. 14, 2025).

David French established in his report that he has "over forty-five years of training and experience in the commercial trucking industry." (ECF 282-1 at 10). French applied these years of experience when examining Amazon Relay's "contracts, policies, and Terms of Service" in order to opine on whether they were typical of normal business relationships and practices in this

industry. French's report is not scientific or technical in nature; therefore, his methodology "need not be the rigorous or technical review as might be necessary for purely scientific or technical testimony." *Verdecia v. State Farm Lloyds*, No. 23-CV-00067-DC, 2025 WL 1146674 (W.D. Tex. Apr. 1, 2025). Rather, it is enough that French's report ties his observations about the relevant documents to conclusions through "the use of general truths derived from specialized experience." *Kumho Tire*, 526 U.S at 148.; *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 125503 (E.D. Tex. Jan. 9, 2016) ("[A]n expert's report need not catalog all the details of the experiential knowledge on which the expert relies."). Again, Amazon is welcome to challenge French's conclusions upon cross-examination. Accordingly, the Court finds that French's opinion is reliable.

## III. <u>CONCLUSION</u>

Having found that David French's expert opinion is not mere *ipse dixit* and is sufficiently reliable, Amazon's motion (ECF 282) is DENIED.

IT IS SO ORDERED.

ENTERED August 4, 2026.



LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE