IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JURNEE SCOTT LEYMAN, *Individually and as Administratrix of the Estate of Noah M. Leyman, Deceased*, | § | |
| Plaintiff, | § | |
| and | § | |
| MICHAEL LEYMAN *and* ADRIANE LEYMAN, | § | |
| Intervenor Plaintiffs, | § | |
| v. | § | 2:24-cv-129-BR |
| AMAZON LOGISTICS, INC., AMAZON LOGISTICS, LLC, AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, TIMUR TRUCKING, LLC, FIRDAVS KUBAEV, *and* KAMILODDIN ADILOV, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE OPINIONS OF PLAINTIFFS' EXPERT FRANK ALEXANDER SCOTT**

Before the Court is a Motion to Exclude Plaintiffs' Expert Frank Alexander Scott III ("Scott") filed by Defendants Amazon Logistics, LLC; Amazon.com, Inc.; and Amazon.com Services, LLC (collectively, "Amazon"). (ECF 284). Having considered the parties' filings and the applicable law, for the following reasons, Amazon's Motion is DENIED.

## I. OBJECTION TO USE OF DEPOSITION TESTIMONY

Amazon objects to the use of protected information in Plaintiffs' response to Amazon's motion and asks the Court to restrict access to the confidential information contained in the response brief. (ECF 321 at 6). The Court has restricted access to the response brief, and Plaintiffs

are hereby ORDERED to file a redacted version of their response brief on or before **August 14, 2026**.

## II. APPLICABLE LAW

Generally, witnesses in federal cases are only permitted to testify on matters of which they have personal knowledge. FED. R. EVID. 602. Such testimony can take the form of an opinion, but most of the time, among other restrictions, the opinion must not be "based on scientific, technical or other specialized knowledge[.]" *Id.* at 701(c). To offer an opinion[1] based on specialized knowledge—an "expert opinion"—certain standards must be met.

Those standards can be summarized under three headings: qualifications, relevance, and reliability. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997). The first requires that the witness must be "qualified as an expert by knowledge, skill, experience, training, or education[.]" FED R. EVID. 702. Second, the trial court must find it "more likely than not that the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" *Id.* at 702(a). Finally, the expert opinion must be "based on sufficient facts or data; . . . [be] the product of reliable principles and methods; and . . . [must reflect] a reliable application of the principles and methods to the facts of the case." *Id.* at 702(b)–(d). The proponent of the evidence bears the burden of proof on all three matters. *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 800 (N.D. Tex. 2018) (Horan, J.). Amazon challenges only the reliability of Scott's testimony.

[1]These rules also apply to factual testimony based on specialized knowledge—they are not restricted to opinions or conclusions. *See* FED. R. EVID. 702 ("A witness who is qualified as an expert . . . may testify in the form of an opinion *or otherwise*[.]") (emphasis added). The Court refers to all testimony based on scientific, technical, or other specialized knowledge as "expert opinion" in the interest of simplicity.

A. Expert Testimony Reliability

An expert opinion is only admissible if it is reliable. The rules break reliability into three inquiries: sufficiency of the underlying data, reliability of the principles and methods, and reliable application of those principles and methods. FED. R. EVID. 702(b)–(d). Together, these "assess[ ] whether the reasoning or methodology underlying the testimony is scientifically valid." *Knight*, 482 F.3d at 352 (internal quotation marks omitted). "[C]ourts consider the following non-exclusive list of factors when conducting the reliability inquiry: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citation and internal quotation marks omitted).

The test for reliability is flexible, however. The specific factors listed above neither necessarily nor exclusively apply to all experts or in every case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The district court "has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion." *Johnson*, 685 F.3d at 458-59 (quoting *Knight*, 482 F.3d at 354). Where technical or other specialized knowledge "might become the subject of expert testimony," the Supreme Court has made it clear that "reliability concerns may focus upon personal knowledge or experience." *Kumho Tire*, 526 U.S. at 147, 150. Experts may "tie observations to conclusions through the use of general truths derived from specialized experience." *Id.* at 148.

B. The Court's Role

The landmark Supreme Court decision on expert witnesses is *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Applying an earlier version of the applicable rules, which have

since been amended in part to adopt the principles of *Daubert* and its progeny, the Supreme Court emphasized the role of the trial judge in screening out irrelevant and unreliable testimony and evidence. *Id.* at 589; *accord* FED. R. EVID. 104(a) ("The court must decide any preliminary question about whether a witness is qualified . . . or evidence is admissible.").

The Fifth Circuit has emphasized that this role cannot be abdicated by admitting opinions that lack a sufficient basis in facts or data, or that fail to reliably apply appropriate methods, pursuant to a mere "glance at the expert's credentials[.]" *Harris v. FedEx Corp. Servs.*, 92 F.4th 286, 303 (5th Cir. 2024) (quoting *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010)). The inquiry demanded of the Court is a flexible one, however, and the trial court has broad discretion in performing it. *Daubert*, 509 U.S. at 594; *Harris*, 92 F.4th at 303–04 (quoting *Adams v. Mem'l Hermann*, 973 F.3d 343, 352 (5th Cir. 2020)).

The burden is on the proponent of the testimony to establish by a preponderance of the evidence that the testimony is admissible. *See Daubert*, 509 U.S. at 592 n.10. Importantly, the question of admissibility is not about whether the testimony is correct or true. That is a matter reserved for the factfinder at trial. *United States v. Hodge*, 933 F.3d 468, 478 (5th Cir. 2019) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) *and Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). As such, questions of the weight carried by an expert opinion, or the relative degree of expertise possessed by a qualified witness, are not determinative when deciding the admissibility of an expert opinion. *See, e.g.*, *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1044–45 (N.D. Tex. 2022) (citing *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009)).

Moreover, "the rejection of expert testimony is the exception rather than the rule." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019). "[T]he trial court's role as gatekeeper is not

intended to serve as a replacement for the adversary system." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1078 (5th Cir. 1996)). The adversary system thus still acts as the ultimate arbiter of truth. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III. ANALYSIS

Amazon moves to exclude Scott's testimony on the grounds that Scott's opinions: (1) improperly conflate the duties of Amazon and Defendant Timur Trucking, LLC ("Timur Trucking"); (2) are merely *ipse dixit* assertions regarding Amazon's alleged "control" over Timur Trucking; and (3) are not supported by reliable principles and methods. (ECF 284 at 4).

### A. Duties of the Defendants

Amazon first argues that Scott's opinions "improperly conflate Amazon's duties with Timur Trucking and, thus, overstate the duties required by the applicable FMCSR's [sic]." (ECF 284 at 6). Amazon complains that Scott fails to provide "objective, independent validation" of his methodology in opining that Amazon should have prohibited Timur Trucking from hauling Amazon loads. (*Id.* at 7). Specifically, Amazon objects to Scott's conclusion found in the following portion of his report:

> In summary, Timur Trucking was an unsafe carrier with inadequate safety practices. **They should have, therefore, been prohibited from hauling Amazon's loads**. They had a driver who could not proficiently speak English, did not require their driver to fill out an application, had a manager in charge of safety who needed a translator during a deposition, had several hours-of-service violations prior to the accident and apparently an inaccurate electronic logging device (ELD), received an "unsatisfactory" rating from the FMCSA upon deeper investigation, and allowed an unauthorized person to travel in their tractor.

(ECF 284-1 at 7 (emphasis added)). Amazon alleges that Scott failed to identify the standard of care violated by Amazon and, instead, "summarily concludes that the authorities applicable to Timur Trucking relate to his conclusion regarding Amazon." (ECF 284 at 7). The Court disagrees. Scott's report sets out alleged violations by Timur Trucking as a basis for his opinion that Amazon should not have hired Timur Trucking; Scott does not "supplant those violations onto Amazon." (ECF 321 at 8).

B. *Ipse Dixit* Argument

Amazon next argues that Scott's report recounts several opinions that are merely *ipse dixit* statements lacking support. However, the Court has reviewed Scott's expert report and does not agree that Scott's opinion is simply *ipse dixit*. His report provides ample footnotes citing the evidence and documentation upon which the information and opinions in his report are based. (*See* ECF 284-1). Scott's extensive experience in interstate transportation, logistics, supply chain management, and motor carrier safety, operations, selection and retention allows him to draw conclusions from the factual data in this case. This does not make the opinions mere *ipse dixit*. Amazon may challenge Scott's underlying assumptions and conclusions during cross-examination.

C. Reliability Argument

Amazon also argues that Scott's report is unreliable because it does not offer "a standard of care as to Amazon" and attempts "to interpret the FMCSRs to supplant a duty onto Amazon." (ECF 321 at 9). As noted above, the Court disagrees with Amazon's assertion as to the scope of Scott's report, and finds that Scott has used reliable methodology.

It is well settled that an expert may testify based on personal experience. *See Kumho Tire*, 526 U.S. at 156 ("[N]o ones denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.")' *Van Winkle v. Rogers*, 82 F.4th

370, 379 (5th Cir. 2023) ("Experience alone can provide a sufficient foundation for expert testimony."); *Rodriguez v. Frez-N-Stor, Inc.*, No. CV H-23-3944, 2025 WL 2597553, *5 (S.D. Tex. Sept. 5, 2025) ("But when an expert testifies from experience and training, the expert can explain how the incident in dispute resembles cases he or she has seen before.').

Further, Courts regularly allow experts to opine on industry standards. *See Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038 (N.D. Tex. 2022) ("Qualified experts are permitted to offer opinion testimony as to industry standards or norms and whether or not they were followed in a particular case, as long as such opinions involve questions of fact rather than purely legal matters."). Where relevant, this could include opinions on "how a reasonable industry participant would view certain contractual provisions or clauses." *Maldonado v. Stand. Aero (San Antonio) Inc.*, No. 5:20-CV-00640-DAE, 2025 WL 2946617 (W.D. Tex. Mar. 14, 2025).

Scott established in his report that he has extensive experience in interstate transportation and supply chain management (ECF 284-1 at 2, 30-59). Scott applied these years of experience when examining Timur Trucking's and Amazon's conduct, as shown in the documentation reviewed by him, in order to render his opinions. Scott's report is not scientific or technical in nature, and therefore his methodology "need not be the rigorous scientific or technical review as might be necessary for purely scientific or technical testimony." *Verdecia v. State Farm Lloyds*, No. 23-CV-00067-DC, 2025 WL 1146674 (W.D. Tex. Apr. 1, 2025). Rather, it is enough that Scott's report ties his observations about the relevant documents to conclusions through "the use of … general truths derived from specialized experience." *Kumho Tire*, 526 U.S at 148.; *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 125503 (E.D. Tex. Jan. 9, 2016) ("[A]n expert's report need not catalog all the details of the experiential knowledge upon which the expert relies."). Amazon is welcome to challenge Scott's conclusions

during cross-examination. The Court determines that Scott has a sufficient basis for the opinions and Amazon's argument goes to the weight of his opinions, not their admissibility. Accordingly, the Court finds that Scott's opinion is reliable.

## IV. CONCLUSION

Having found that Frank Alexander Scott's expert opinion is sufficiently reliable, Amazon's motion is DENIED.

IT IS SO ORDERED.

ENTERED August 7, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE